# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **GAEA M. MORRIS,** | : | Case No. _____ |
| 4288 Hickory Park Lane | : | |
| Batavia, Ohio 45103 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : | |
| | : | |
| **DURBAN'S GREENHOUSES, INC. d/b/a** | : | |
| **ADRIAN DURBAN FLORIST,** | : | |
| 6941 Cornell Road | : | |
| Cincinnati, Ohio 45242 | : | |
| | : | |
| **Statutory Agent:** | : | |
| Eileen Durban | : | |
| 6941 Cornell Road | : | |
| Cincinnati, Ohio 45242 | : | |
| | : | |
| Defendant. | : | |

Now comes Plaintiff Gaea M. Morris ("Plaintiff" or "Morris") by and through counsel, and for her Complaint against Durban's Greenhouses, Inc. d/b/a Adrian Durban Florist ("Durban"), under the Americans with Disabilities Act, as amended ("ADAAA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the anti-retaliation provisions of The Ohio Workers' Act, O.R.C. § 4123.90, and applicable Ohio state laws for wrongful termination of her employment at Durban, hereby states as follows:

## JURISDICTION AND VENUE

1. This action arises under the statutes of the United States for violation of the ADAAA, ADEA, O.R.C. § 4123.90, and related Ohio state law claims.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under Federal statutes.

1

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Defendant Durban is subject to personal jurisdiction in the State of Ohio because they are incorporated, transact business, and employ a significant number of employees within the State of Ohio. O.R.C. § 2307.382.

5. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District in the State of Ohio, and the acts giving rise to the claims for relief set forth in this Complaint took place within this District in the State of Ohio. Moreover, during the entire time Plaintiff was employed by Defendant, she worked within this District in the State of Ohio.

## **PARTIES**

6. Plaintiff Gaea Morris is a citizen of the United States and resides in Clermont County in the State of Ohio.

7. Defendant Adrian Durban Florist is a floral company which provides flower bouquets and other products all over the Greater Cincinnati and Northern Kentucky areas, as well as other areas throughout the United States. Durban has three locations in the Cincinnati Area: (1) its Blue Ash location, 6941 Cornell Road, Cincinnati, Ohio 45242; (2) its Harper's Point location, 8584 East Kemper Road, Cincinnati, Ohio 45249; and (3) its Clifton location, 3401 Clifton Avenue, Cincinnati, Ohio 45220.

## **BACKGROUND AND FACTS COMMON TO ALL CAUSES OF ACTION**

8. Plaintiff is a sixty five (65) year old female with a disability, and former employee of Durban for over forty (40) years.

9. At all times relevant to this Complaint, Plaintiff was a loyal, conscientious, and hardworking employee of Durban.

2

10. Plaintiff was employed by Durban from approximately 1976 until April 16, 2016.

11. Plaintiff began her employment at Durban's in 1976 as a clerk, and later became a floral designer.

12. Plaintiff was eventually promoted to the position of General Manager in approximately 1985 and held this position for the next thirty (30) or more years until her date of termination.

13. The General Manager supervises the Durban location at which Plaintiff was located (initially Clifton, and later Blue Ash), together with two other Durban store locations (Blue Ash/Clifton, and the Harper's Point store).

14. The other two Durban locations each have store managers, who also oversee operations at that particular store and perform similar job duties to Plaintiff.

15. In or about 2005, Morris was diagnosed with osteoarthritis and osteoporosis. Each of these conditions are defined disabilities under the ADAAA.

16. These conditions substantially limited Plaintiff with respect to walking, standing, lifting, bending and working.

17. In or about 2005-2006, as a result of these disabilities Plaintiff underwent multiple surgeries in which she received a bilateral total hip and knee replacement.

18. These surgeries were successful, and Plaintiff returned to work in the spring of 2006.

19. Plaintiff continued to work full-time from 2006 until March 13, 2012, when she was injured in the course and scope of her employment.

20. On March 13, 2012, Plaintiff slipped and fell in standing water in the workplace, landing on her left hip and causing a fracture to her left femur.

21. This injury required extensive treatment, including multiple surgeries to repair Plaintiff's leg and hip.

22. Plaintiff filed claims or instituted or pursued proceedings under the Ohio Workers Compensation Act as a result of this injury, and Plaintiff received workers' compensation benefits as a result.

23. Plaintiff was out of work for treatment of this work-related injury from approximately March 13, 2012 through September 24, 2012.

24. On or about September 24, 2012, Plaintiff was released back to her former position of employment at Durban, without restriction.

25. Plaintiff continued her employment full-time from September 24, 2012 until 2015.

26. In or about the fall of 2015, Plaintiff scheduled a routine surgery to have a bunion on her left foot removed.

27. Plaintiff informed Durban of this surgery in advance, and received approval to have time off from work for both the surgery and recovery.

28. Plaintiff scheduled this bunion surgery for December 28, 2015.

29. On December 10, 2015, approximately two weeks before the scheduled surgery, Plaintiff felt a sharp pain in her left hip and thigh while at work.

30. Plaintiff was transported to Mercy Hospital Anderson's emergency room by her husband, where an x-ray of her left femur and hip were performed.

31. X-rays and other tests indicated a frayed appearance of cerclage wires proximally about Plaintiff's left femur.

32. Plaintiff was provided a temporary walker, pain medication, and was temporarily taken off of work for this injury.

33. Plaintiff's doctor issued a physician's report of work ability for the Ohio BWC, which indicated that she was temporarily not released to any work, including her former position of employment, from December 16, 2015 through January 18, 2016, based upon this injury. A true and accurate copy of this report is attached hereto as **Exhibit A**.

34. This report also indicated that Plaintiff's left leg was causing a temporary total disability which was related to her prior Workers' Compensation claim related to the previous fall at work.

35. On December 28, 2015, while still out on leave for her workers' compensation claim, Plaintiff underwent the bunion surgery on her left foot.

36. On or about February 3, 2016, Plaintiff submitted a request for temporary total disability compensation to the Ohio BWC. A true and accurate copy of this request is attached hereto as **Exhibit B**.

37. Durban was put on notice of Plaintiff's Physician's report of work ability, and Plaintiff's request for temporary total disability compensation for her injury.

38. While Plaintiff was released to work for her BWC-related injury on January 18, 2016, she was still in recovery and unable to work due to the bunion surgery on her foot.

39. The doctor treating Plaintiff's foot released her to return to work on March 29, 2016, on half days, with a follow-up appointment to be performed in approximately one month.

40. It was Plaintiff's intent to eventually return to work full-time following this surgery.

41. Pursuant to her doctor's restrictions, Plaintiff returned to work on March 29, 2016, on a part-time basis, with a walking boot on her leg.

5

42. Plaintiff provided Durban with a doctor's note indicating that she may return to work on half days, light duty, for the next three weeks, and that she would be reevaluated at that time.

43. Plaintiff's supervisor, Beth Durban, was out on vacation at the time that Plaintiff provided this note to Durban.

44. On April 4, 2016, Beth Durban returned from vacation. Upon seeing Plaintiff in the workplace, Ms. Durban stated to Plaintiff that "I didn't expect you to be back."

45. From April 4, 2016 through April 14, 2016, Plaintiff continued to work on a part-time basis without incident.

46. On April 14, 2016, Beth Durban and Kerry Durban called Plaintiff into a conference room for a meeting. During this meeting, Beth Durban informed Plaintiff that she was being terminated because her job was "obsolete."

47. Also during this meeting, Durban provided Plaintiff with a copy of a document entitled "Reason for dismissal," which stated the following:

> ***Reason for dismissal***
>
> - *As you know the flower business has changed quite a bit for us the past few years. Most of that change has come with the daily business or in-between holidays.*
>
> - *Because of this we decided we need to take action and that is to downsize in some areas and become more efficient company wide.*
>
> - *We have given this careful thought and had many discussions about our direction[.]*
>
> *We decided that the position that you hold with the company is part of the downsizing and decided to "eliminate the position[.]" We are dismissing your employment with the company[.] We have found that the design staff can essentially handle the task.*
>
> *It is a business decision…But we need to change with the changing times.*

6

A true and accurate copy of this document is attached hereto as **Exhibit C**.

48. Upon information and belief, Plaintiff was the only employee terminated as part of this alleged "downsizing."

49. The store managers at Durban's Clifton location and Harper's Point location retained their positions with Durban, and continue to work at Durban to this day.

50. The store managers at Durban's Clifton location and Harper's Point location are substantially younger than Plaintiff, and are not disabled.

51. This alleged "downsizing," which is the stated reason for Plaintiff's termination, has no basis in fact, did not actually motivate the decision, and/or is an insufficient reason for Plaintiff's termination.

52. The real reason for Plaintiff's termination is because of (a) Plaintiff's actual disability, record of a disability, and/or the fact that she was regarded as having a disability; (b) Plaintiff's engagement in protected activity, including her requests for a reasonable accommodation; (c) Plaintiff filing of claims or instituting or pursuing of proceedings under the Ohio Workers Compensation Act for an injury which occurred in the course of and arising out of her employment with Durban; and (b) Plaintiff's age.

53. By discharging Plaintiff because of her disability, Defendant discriminated against Plaintiff in violation of the ADAAA.

54. By discharging Plaintiff within weeks after she made a temporary accommodation request to work part-time, Defendant failed to accommodate Plaintiff in violation of the ADAAA.

55. By discharging Plaintiff in retaliation for her engagement in protected activity, including her requests for a reasonable accommodation, Durban violated the ADAAA's anti-retaliation provisions.

56. By discharging Plaintiff in retaliation for filing claims or instituting or pursuing proceedings under the Ohio Workers' Compensation Act, Durban violated O.R.C. § 4123.90.

57. By discharging Plaintiff because of her age, Durban violated the ADEA and O.R.C. § 4112.02(N).

58. On June 21, 2016, Plaintiff provided timely written notice to Defendant of the claimed violation of O.R.C. § 4123.90. Copies of the notice provided to Defendant, and Defendant's response acknowledging receipt of the notice, are attached hereto as **Exhibits D and E**.

59. Plaintiff and Defendant, through their counsel, entered into a tolling agreement with respect to Plaintiff's claims under O.R.C. § 4123.90 and 4112.01(N), which tolled the statute of limitations for such claims until January 8, 2017. A true and accurate copy of this Tolling Agreement is attached hereto as **Exhibit F**.

60. The Parties also entered into an extension of this tolling agreement, which further tolled the statute of limitations for such claims until July 7, 2017. A true and accurate copy of the tolling agreement extension is attached hereto as **Exhibit G**.

61. As a consequence of Defendant's retaliatory, discriminatory, and otherwise unlawful actions, Plaintiff has lost wages and other benefits which she would have enjoyed had she not been discharged from her employment by Defendant, and Plaintiff will continue to suffer such lost wages and other benefits of employment.

62. Plaintiff filed a timely charge of discrimination on the basis of her disability and age.

63. Plaintiff received a Notice of Rights to Sue from the EEOC on April 25, 2017, and has thus exhausted her administrative remedies.

### **COUNT I: ADA, Disability Discrimination—Disparate Treatment, Federal**

As a further and separate cause of action, Plaintiff states as follows:

64. The allegations of Paragraphs 1-63 are herein incorporated by reference.

65. Plaintiff was a qualified individual with a disability at the time of her termination.

66. Durban knew or had reason to know of Plaintiff's disability, including her osteoarthritis and osteoporosis, her left leg injury and subsequent surgery, and her bunions on her left foot.

67. Plaintiff was terminated within days of her return to work, and was singled out for discharge for impermissible reasons, including her disability.

68. Defendant committed the above-referenced discriminatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### **COUNT II: Disability Discrimination—Disparate Treatment, State**

As a further and separate cause of action, Plaintiff states as follows:

69. The allegations of Paragraphs 1-68 are herein incorporated by reference.

70. The allegations which state a cause of action under the ADAAA with respect to disability discrimination also state a cause of action under O.R.C. § 4112.02, as it is enforced through O.R.C. § 4112.99.

71. Defendant committed the above-referenced discriminatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### **COUNT III: Disability Discrimination—Failure to Accommodate, Federal**

As a further and separate cause of action, Plaintiff states as follows:

72. The allegations of Paragraphs 1-71 are herein incorporated by reference.

73. Plaintiff was a qualified individual with a disability under the ADAAA.

74. Plaintiff informed Defendant of her disability, and requested a reasonable accommodation, originally in the form of a medical leave of absence.

75. Plaintiff also requested a reasonable accommodation in the form of a modified part-time work schedule and light duty for three weeks.

76. Such accommodations would have been effective and would not have posed an undue hardship to Defendant.

77. Defendant failed to accommodate Plaintiff's request or engage in an interactive process, and instead terminated Plaintiff's employment on April 14, 2016.

78. Defendant committed the above-referenced discriminatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### COUNT IV: Disability Discrimination—Failure to Accommodate, State

As a further and separate cause of action, Plaintiff states as follows:

79. The allegations of Paragraphs 1-78 are herein incorporated by reference.

80. The allegations which state a cause of action under the ADAAA with respect to a failure to accommodate also state a cause of action under O.R.C. § 4112.02, as it is enforced through O.R.C. § 4112.99.

81. Defendant committed the above-referenced discriminatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### COUNT V: Disability Discrimination—Retaliation, Federal

As a further and separate cause of action, Plaintiff states as follows:

82. The allegations of Paragraphs 1-81 are herein incorporated by reference.

83. Plaintiff engaged in protected activity under the ADAAA by requesting a temporary reasonable accommodation for her disability.

10

84. Defendant was aware of Plaintiff's request for a temporary reasonable accommodation.

85. Plaintiff was terminated within days of her return to work and request for a temporary reasonable accommodation, and was singled out for discharge for impermissible reasons, including her disability.

86. Plaintiff was terminated because of her disabilities and recent requests for a temporary accommodation.

87. A causal connection exists between Plaintiff's protected activity and her termination, including but not limited to the temporal proximity between Plaintiff's request for a reasonable accommodation and her termination.

88. Defendant committed the above-referenced retaliatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### COUNT VI: Disability Discrimination—Retaliation, State

As a further and separate cause of action, Plaintiff states as follows:

89. The allegations of Paragraphs 1-88 are herein incorporated by reference.

90. The allegations which state a cause of action under the ADAAA with respect to a claim of retaliation also state a cause of action under O.R.C. § 4112.02, as it is enforced through O.R.C. § 4112.99.

91. Defendant committed the above-referenced retaliatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### COUNT VII: ORC § 4123.90, Ohio Workers' Compensation Retaliation

As a further and separate cause of action, Plaintiff states as follows:

92. The allegations of Paragraphs 1-91 are herein incorporated by reference.

93. Plaintiff engaged in protected activity by filing claims or instituting or pursuing proceedings against Defendant under the Ohio Workers' Compensation Act.

94. Defendant Durban knew about the above-referenced protected conduct, including Plaintiff's initial participation in the workers' compensation system in 2012, and the subsequent participation in 2016.

95. Plaintiff was terminated less than three months after participating in the workers' compensation system and submitting a request for TTD compensation, and only ten (10) days after returning to work.

96. There is a causal connection between Plaintiff's protected activity and her discharge.

97. Defendant's articulated reason for Plaintiff's termination is a pretext, and the actual reason for Plaintiff's termination is on the basis of Plaintiff's protected activity under the Ohio's Workers' Compensation Act.

98. Defendant committed the above-referenced discriminatory/retaliatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### COUNT VIII: Age Discrimination, Federal

As a further and separate cause of action, Plaintiff states as follows:

99. The allegations of Paragraphs 1-98 are herein incorporated by reference.

100. Plaintiff is a 65 year old female.

101. Plaintiff was at all times qualified for her position with Durban.

102. Plaintiff was terminated.

103. In being terminated, Plaintiff was treated less favorably than similarly-situated employees (i.e., the two store managers) who were substantially younger. These employees both retained their positions.

104. Substantially younger employees also retained their positions at Durban, and Plaintiff was the only employee terminated as a result of the alleged "downsizing."

105. Defendant's articulated reason for Plaintiff's termination (i.e., that Plaintiff job was being eliminated as part of a downsizing) is a pretext, and the actual reason for Plaintiff's termination is because of Plaintiff's age.

106. Defendant committed the above-referenced discriminatory acts are willful violations such that Plaintiff is entitled to liquidated damages.

## COUNT IX: Age Discrimination, State

As a further and separate cause of action, Plaintiff states as follows:

107. The allegations of Paragraphs 1-106 are herein incorporated by reference.

108. The allegations which state a cause of action under the ADEA also state a cause of action under O.R.C. § 4112.02(N) and O.R.C. § 4112.99.

109. Defendant committed the above-referenced acts with malice and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE,** Plaintiff Gaea Morris prays for:

a. Lost wages (back pay);

b. Lost benefits;

c. Reinstatement, or front pay in lieu thereof;

d. Compensatory damages

e. Punitive damages;

    f.   Liquidated Damages;

    g.  Pre-judgment and post-judgment interest;

    h.  Attorneys' fees and costs;

    i.   All other relief to which Plaintiff is entitled.

                          Respectfully submitted,

                          /s/ Joshua M. Smith
                          Peter A. Saba (0055535)
                          Joshua M. Smith (0092360)
                          STAGNARO, SABA
                          & PATTERSON CO., L.P.A.
                          2623 Erie Avenue
                          Cincinnati, Ohio 45208
                          (513) 533-2701
                          (513) 533-2711 (fax)
                          pas@sspfirm.com
                          jms@sspfirm.com
                          **Attorneys for Plaintiff Gaea Morris**

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a jury on all issues triable to a jury.

                          Respectfully submitted,

                          /s/ Joshua M. Smith
                          Joshua M. Smith (0092360)